# United States Court of Appeals
## For the Eighth Circuit
_____

No. 23-1185
_____

Marco Antonio Reyes Arias

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: October 18, 2023
Filed: October 30, 2023
[Unpublished]
_____

Before BENTON, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Honduran citizen Marco Antonio Reyes Arias petitions for review of an order
of the Board of Immigration Appeals upholding the decision of an immigration judge

(IJ) to deny him asylum and withholding of removal.[1] Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition.

This court concludes that the denial of asylum is not properly before the court, because in his administrative appeal, Reyes Arias did not challenge the IJ's finding that he was statutorily barred from seeking such relief because his application was untimely. *See* 8 U.S.C. § 1158(a)(2)(B); *Agha v. Holder*, 743 F.3d 609, 616 (8th Cir. 2014) (noncitizens may appeal only issues exhausted at administrative level).

This court finds no error in the determination that Reyes Arias's proposed particular social group (PSG) was not cognizable because it lacked social distinction and particularity. *See Rosales-Reyes v. Garland*, 7 F.4th 755, 759 (8th Cir. 2021) (whether group qualifies as PSG is a question of law, reviewed de novo, and turns on whether group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question).

Because Reyes Arias failed to establish membership in a PSG, the agency did not err in denying his application for withholding of removal. The court need not consider his remaining arguments on appeal. *See Uriostegui-Teran v. Garland*, 72 F.4th 852, 856 (8th Cir. 2023).

The petition is denied. *See* 8th Cir. R. 47B.

_____

[1]The denials of voluntary departure and for relief under the Convention Against Torture are not before this panel. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (claim not raised in opening brief is waived).